AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio Division

John P. Honnigford )
)
_____ )
*Petitioner* )
)
v. ) Case No. 4:20CV00873
) *(Supplied by Clerk of Court)*
Mark Williams, )
Acting Warden, FCI Elkton )
)
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

FILED APR 22 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

JUDGE HELMICK

MAG. JUDGE LIMBERT

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: John P. Honnigford
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: FCI Elkton
   (b) Address: 8730 Scroggs Road, Lisbon, OH 44432

   (c) Your identification number: 15765-028
3. Are you currently being held on orders by:
   ☑ Federal authorities ☐ State authorities ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
   United States District Court for the Southern District of Indiana Division
   (b) Docket number of criminal case: 3:18-cr-00031-RLY-MPB-1
   (c) Date of sentencing: 04/16/2020
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☑ Other *(explain)*: Prison Conditions

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court:

   (b) Docket number, case number, or opinion number:
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   (d) Date of the decision or action:

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes            ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court:

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:




   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____

        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?
    ☐ Yes         ☐ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____

        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?
    ☐ Yes         ☒ No
    If "Yes," answer the following:
    (a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
        ☐ Yes         ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes  ☑ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes  ☑ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes  ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** See attachment 1

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attachment 1

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:
Request for home confinement to complete current sentence of 58 months remaining due to COVID-19 issue.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _April 17, 2020_    _John P. Hornungford /s/ POA_
                              Signature of Petitioner

                              _____
                              Signature of Attorney or other authorized person, if any

**Attachment 1**

**GROUND ONE**

Whether John Honnigford's (hereinafter "Petitioner") immediate release request is warranted where, as here, Petitioner has adequately demonstrated full satisfaction with Attorney General Barr's March 26, 2020 prioritization of home confinement criterion and April 3rd, 2020 Memorandum in response to the COVID-19 pandemic.

**SUPPORTING FACTS**

Petitioner is currently serving a 60-month sentence for a non-violent charge of Possessing Sexually Explicit Material Involving Minors at FCI Elkton, a facility identified by U.S. Attorney General William Barr (hereinafter "A.G. Barr") as critically impacted by the COVID-19 emergency, necessitating immediate, and substantial reduction in inmate population. Petitioner has thus far served approximately 2 months in Federal custody, with approximately 58 months remaining on his sentence. FCI Elkton has been woefully inadequate and incapable in its ability to minimize the risk of a further spread of the virus within the general inmate population. For example, testing has not been used to identify potential carriers among staff, inmates have not been provided sufficient soap or environmental cleaning agents, and social-distancing is not feasible due to housing conditions.

Pursuant to the recent Memorandum by A.G. Barr in regard to COVID-19, and in accordance with the First Step Act as amended by 18 USC 3582(c)(A)(1)(i), Petitioner is requesting release to home confinement to serve the remainder of his sentence.

On March 26, 2020, A.G. Barr issued a directive to the Federal Bureau of Prison (hereinafter "BOP") Director Michael Carvajal in response to the COVID-19 pandemic. In the memo, A.G. Barr urges the BOP to immediately reduce the prison population by allowing eligible prisoners to complete their sentence on home confinement. A.G. Barr outlined the criteria for the BOP to consider, when deciding which inmates are appropriate for release to home confinement. A.G. Barr told the BOP to prioritize granting home confinement to inmates in low and minimum security prisons who were convicted of low level non-violent crimes. A.G. Barr recommends releasing those who have shown good conduct, with low pattern scores and that have reentry plans for release which won't put themselves or others at greater risk for contracting the virus. On March 27, 2020, The U.S. House Of Representatives passed The CARES Act which includes a provision removing any limits related to the time inmates may spend on home confinement, making it clear that inmates are legally eligible to be released on home confinement at any time during their sentence.

On April 3, 2020, A.G. Barr issued an additional Memorandum directing the BOP to review all inmates—not only those who were previously eligible for transfer prior to the CARES Act. He further states that assessment of these inmates should be guided by the factors in his March 26 Memorandum, understanding, though, that inmates with a suitable confinement plan will generally be appropriate candidates for home confinement rather than continued detention at institutions in which COVID-19 is materially affecting their operations. A.G. Barr cautions against the indiscriminate release of prisoners regarding verification that those prisoners will follow the laws when they are released, that they have a safe place to go where they will not be mingling with their old criminal associates, and that they will not return to their old ways upon release. He further notes that each inmate is unique and requires individualized determinations.

Petitioner satisfies all criteria set forth by A.G. Barr to be considered for home confinement. More specifically, while Petitioner is serving a sentence for the crime of Possessing Sexually Explicit Material Involving Minors, he has no history of criminal violations prior to or since this current offense, no history of any criminal associates, an identified safe place for home detention and an alternate, and a recent history of more than two years of home-monitoring on pre-trial release through the U.S. Marshals Service with no indication of recidivism or non-compliance. This is a clear indication that Petitioner is not a danger to the community. Petitioner has no history of violence, or gang involvement. Additionally, on home confinement with his mother, he will be able to provide substantial assistance to her needs as a disabled, home-bound widow. Petitioner's family have been quarantined and do not have the coronavirus. Based on the foregoing, Petitioner respectfully requests this Honorable Court to grant his request for immediate transfer to home confinement so that he can lessen the danger of contracting the COVID-19 virus while he serves the remainder of his sentence.