UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. HONNIGFORD | ) | CASE NO. 4:20CV873 |
| | ) | |
| Petitioner | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| WARDEN MARK WILLIAMS | ) | **ORDER** |
| | ) | |
| Respondent | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2241 has been filed by Petitioner in the above-referenced matter. This Court has examined the Petition and cannot determine from the face of the Petition that Petitioner is not entitled to the relief requested.

Accordingly, the Clerk of Court shall forward a copy of the Petition (Dkt. #1), together with this Order, to Respondent, the Attorney General of the United States, and the Office of the United States Attorney, Northern District of Ohio. Furthermore, the following schedule and briefing requirements shall apply:

(1) Respondent shall file an "Answer" to the Petition within thirty (30) days of the date of this Order and show cause why a writ of habeas corpus should not be granted. The Answer shall include a response to the allegations of the Petition, and a statement as to what transcripts are available. In addition, the answer shall include a statement as to whether Petitioner has sought release prior to the present petition, together with citations to any prior court action, and a discussion as to whether an evidentiary hearing is warranted.

(2) Petitioner may file a "Brief in Response" within thirty (30) days of the date of service set forth in the certificate of service attached to Respondent's Answer.

(3) The Answer and any Brief in Response and Reply shall make specific reference, by page number and exhibit number, to those portions of the record relied upon, and shall contain statements of the applicable law with citations to relevant case law or statutory authority.

(4) The Answer and any Brief in Response and Reply shall conform to the requirements of Local Rule 7.1(f), which provides that memoranda relating to dispositive motions in administrative cases shall not exceed twenty (20) pages "[w]ithout prior approval of the Judicial Officer for good cause shown . . . ." Local Rule 7.1(f). Local Rule 7.1(f) further provides that "[e]very memorandum related to a dispositive motion shall be accompanied by an affidavit specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section."

Any motion for relief from the twenty-page limitation set forth Local Rule 7.1(f) should be filed with the Court sufficiently in advance of the due date of a memorandum to afford the undersigned time to rule on the motion and the Clerk's Office time to issue the ruling by regular mail. Thus, a motion for relief which is filed contemporaneously with a memorandum may be summarily denied.

**IT IS SO ORDERED.**

Dated: May 15, 2020  /s/*George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE