UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. HONNINGFORD, | ) | Case No. 4:20-CV-00873 |
| | ) | |
| Petitioner, | ) | JUDGE HELMICK |
| | ) | |
| -vs- | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| MARK WILLIAMS, | ) | |
| Warden, FCI Elkton, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(a). Petitioner John P. Honnigford ("Honnigford") is an inmate currently confined at the Federal Correctional Institution ("FCI") Elkton with a projected release date of June 24, 2024. *See* https://www.bop.gov/inmateloc/ (last visited 7-29-2020). Honnigford has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release from prison in light of circumstances surrounding the COVID-19 pandemic. (Doc. No. 1) He has also filed an "Emergency Motion for Expedited, Injunctive, and for Other Relief," (Doc. No. 2). For the reasons set forth below, it is recommended that Petitioner's motion for injunctive relief be DENIED, and the Petition for Habeas Corpus be DISMISSED.

Honnigford seeks to be released from the Federal Bureau of Prisons facility in Elkton, Ohio, and to serve the remainder of his 60-month sentence through supervised home confinement. He seeks release to home confinement "to complete current sentence . . . remaining due to COVID-19 issue." (Doc. No. 1 at 7). As grounds for his request, Honnigford alleges that he meets the

1

criteria for home confinement set forth in a memorandum to the BOP from Attorney General William P. Barr, which authorized the transfer to home confinement of non-violent, at-risk inmates if the BOP determined such a transfer was likely to reduce the inmate's risk of contracting COVID-19 while also adequately protecting the public.[1]

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A district court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The principle of liberal construction generally afforded pro se pleadings applies to petitions for a writ of habeas corpus. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion serves the laudable goals of (1) protecting "administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation

---

[1] *See* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf.

in federal court." *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

Honnigford does not allege, nor can the Court infer from the allegations in the petition, that he has exhausted his administrative remedies with respect to his claims for relief. Indeed, Honnigford concedes that he did not exhaust his administrative remedies before bringing this action. (Doc. No. 2 at 7). Instead, Honnigford asks that the Court waive the exhaustion requirement. This Court has found, however, that "[t]he requirement of exhaustion applies equally to § 2241 petitions in which COVID-19 is the backdrop for the relief sought." *Cottom v. Williams*, No. 4:20-CV-574, 2020 WL 2933574, at *1 (N.D. Ohio June 3, 2020) (citing *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) ("The Court has already considered the subject of exhaustion waiver against the backdrop of the COVID-19 health crisis in the context of motions brought 28 U.S.C. § 3582 for compassionate release. There, the Court joined the majority of courts that have found that the exhaustion requirement contained in § 3582(c)(1)(A) could not be waived. ... The Court finds that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to 28 U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241.")).

Denial of Honnigford's petition without prejudice for failure to exhaust his administrative remedies, therefore, is warranted. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (affirming the district court's dismissal of § 2241 petition without prejudice where petitioner's failure to exhaust his administrative remedies was apparent on the face of the petition) (citing *Jones v Bock*, 549 U.S. 199, 214-16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)); *see also Singleton v. Williams*, No. 4:20 CV 961, 2020 WL 2526990, at *1 (N.D. Ohio May 18, 2020) (dismissing without prejudice petition seeking release to home confinement due to

COVID-19 where it is apparent from the face of the petition that petitioner has not exhausted his administrative remedies as required whether relief is sought pursuant to § 2241 or 18 U.S.C. § 3582) (citing *Settle*, 2017 WL 8159227, at *2; *Bronson*, 2020 WL 2104542, at **2-3); *Schmutzler v. Quintana*, No. CV 5: 19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019) (denying § 2241 petition without prejudice where petitioner admits that he has not exhausted remedies available with the BOP) (citing among authority *Luedtke*, 704 F.3d at 466).

**RECOMMENDATION**

For the aforementioned reasons, the undersigned recommends that Honnigford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied without prejudice and the motion for emergency injunctive relief be denied as moot.

DATED: 8/11/2020

    *s/Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).